# DeTurck, Appellant, *v.* Woelfel (No. 2).

*Assignment for creditors—Situs of debt—Foreign assignee—Foreign corporation.*

Where a Minnesota corporation has complied with the laws of Maryland and Pennsylvania, and is lawfully engaged in business in both states, and contracts in Maryland a debt to a citizen thereof and subsequently the creditor makes an assignment for the benefit of creditors in Maryland, the debt passes as an asset of his estate to the Maryland assignee, and is not subject to subsequent attachment in Pennsylvania.

Argued Oct. 16, 1901. Appeal, No. 94, Oct. T., 1901, by

plaintiff, from judgment of C. P. No. 2, Phila. Co., June T., 1898, No. 14, on case stated in suit of Jacob G. DeTurck and Harry Bassett, trading as DeTurck, Bassett & Company, v. George Woelfel, defendant below; St. Paul Fire & Marine Insurance Company, Garnishee, Appellee, and George R. Willis, Trustee, Claimant. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Case stated in foreign attachment.

The facts were similar to those in DeTurck v. Woelfel (No. 1), ante, p.

*Error assigned* was in entering judgment for trustee on the case stated.

*C. Wilfred Conard,* and with him *Allen C. Middleton,* for appellant.

*David Jay Myers,* for appellee.

OPINION BY RICE, P. J., February 14, 1902:

This case differs from the case in which the Pennsylvania Fire Insurance Company was garnishee, in that the latter is a Pennsylvania corporation doing business in Maryland, as it was duly authorized to do, while the garnishee in the present case is a Minnesota corporation which complied with the registration laws of this state and of Maryland, and was doing business in both states. The question is not whether under our laws a debt due from such a corporation to a nonresident of this state is subject to foreign attachment, nor does a decision of that question in the affirmative necessarily involve a decision that, under the facts agreed upon in the case stated, the attaching creditor is entitled to the fund in controversy as against an assignment for the benefit of creditors made in Maryland, the domicil of the defendant, before the issuing of the attachment, and valid under the laws of that state. We cannot say that the two cases differ in principle, but if there be any difference the right of the trustee under the assignment to the fund is clearer in this case than in the other.

The judgment of the court below on the case stated is affirmed.